Filed 2/11/14  P. v. Inzunza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057197 |
| v. | (Super.Ct.No. RIF1206657) |
| JUAN FRANCISCO INZUNZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed with directions

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Warren

Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Juan Francisco Inzunza pled guilty to willful discharge of

1

a firearm in a grossly negligent manner (count 1 – Pen. Code, § 246.3)[1], felon in possession of a firearm (count 2 – § 29800, subd. (a)(1)), and possession of methamphetamine (count 4 – Health & Safe. Code, § 11377). Defendant additionally admitted a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). The court sentenced defendant to an aggregate term of incarceration of six years eight months. The court additionally issued a criminal protective order under section 136.2 requiring defendant neither have contact with nor come within 100 yards of Prisca Rodriguez, defendant's ex-wife, or either of his two minor children for a period of 10 years.

On appeal, defendant contends the court erroneously issued the criminal protective order because defendant's ex-wife and children were not victims or witnesses to the offenses for which he was convicted and were not victims, in the instant case, of domestic violence. The People dispute whether defendant's children were victims or witnesses of the offense, but concede the offenses were not statutory acts of domestic violence and that the court erroneously issued the protective order because such orders are limited to the pendency of the criminal action. The People maintain that since the instant criminal proceeding concluded at entry of judgment, issuance of the protective order exceeded the court's authority. We agree with the People and strike the protective order. The judgment is affirmed.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

FACTS AND PROCEDURAL HISTORY

On September 7, 2012, the People charged defendant by felony complaint with the willful discharge of a firearm in a grossly negligent manner (count 1 –§ 246.3), of being a felon in possession of a firearm (Count 2 – § 29800, subd. (a)(1)), of being a felon in possession of ammunition (count 3 – § 30305, subd. (a)), and possession of methamphetamine (count 4 – Health & Saf. Code, § 11377). The People additionally alleged defendant had a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) and had suffered a prior prison term (§ 667.5, subd. (b)).

On September 25, 2012, defendant entered into a plea agreement in which he pled guilty to counts 1, 2, and 4, and admitted the prior strike allegation. In return, it was agreed both count 3 and the prior prison allegation would be dismissed and defendant would be sentenced to the midterms, doubled due to the strike, on each of his offenses. The factual basis for defendant's plea consisted of defendant's in-court admission he had a previous conviction for a felony and knew he could not possess a firearm, that he negligently discharged the weapon in the air, and was in possession of methamphetamine.[2]

After accepting defendant's plea, the People offered the in-person statement of Pedro Perez, defendant's former brother-in-law. Defense counsel objected to Perez's

---

[2] Although not required, "the 'better approach' in this circumstance is for counsel's stipulation to include reference to a particular document that provides an adequate factual basis, . . . [S]uch reference in the stipulation is desirable as a means of eliminating any uncertainty regarding the existence of a factual basis, . . ." (*People v. Palmer* (2013) 58 Cal.4th 110, 118.)

statement noting he was not a victim. The court apparently overruled the defense objection in an off-the-record discussion. Perez stated "my entire family was in danger that day, even though [defendant] doesn't look at it that way. [¶] So we, my wife, my daughters have all been affected. And they are fearful that when he gets out, even if he's kicked out to Mexico, when he gets out and returns, he wants to do something against my children."

The People then offered the statement of Rodriguez. Defendant again objected on the same basis, noting she was not present when the offenses occurred. The court implicitly overruled defendant's objection. Defendant stated his son and daughter were present during the offenses "playing in the street." When the court queried defendant whether he realized how he must have traumatized his children by firing a gun in front of them, defendant countered "It wasn't in front of the house. I was down the street because of the rage, my wife didn't leave the kids to me when she went to Mexico for her brother's funeral, which it hurt me as well." Defendant indicated he remained in the car when he fired the shots.

The court asked Rodriguez whether she wanted the requested restraining order against defendant to include both her and her children. She agreed. The court responded, "I'm going to give her one. I think this case happened in a – it's basically a domestic violence case. As he said, he's enraged against his wife." Defense counsel objected noting Rodriguez "doesn't qualify. The victim is a person who lived down the street." The prosecutor observed, "The neighbor called the police, but the aunt also called the police, and the kids were present. They're all victims." Defendant apparently agreed:

4

"Yeah, they're victims."

The court reiterated, "All right. I'm going to give you a criminal protective order." Defense counsel again objected, "Your Honor, I would object to that. CPS statute talks about how the case has to be a domestic violence case. Specifically says that the abuse must be committed against one of the protected parties, spouse, former spouse, et cetera. And the only victim in this case is" the neighbor.[3] Defense counsel observed "There are no victims here which fall underneath the domestic violence" rubric.

The court noted, "I absolutely totally disagree. [Defendant] said the reason he came there is he was enraged that his wife placed the children at the aunt's instead of allowing him to have custody while she went to Mexico. He was enraged at her for not letting him have contact. It is absolutely a domestic violence case." "His kids were the direct victims. Since the gun was fired in the air in [their] presence, they meet the code, and she is their caretaker." Defense counsel responded, "Well, your Honor, the – factually, the gun was not fired in front of the children. It was fired outside of their presence. The only person we know of in the vicinity of the gun being fired, direction of the gun was up in the air, is the named victim in the Complaint which are none of these persons."[4]

The court noted defendant "said his children were playing in the street." The

_____

[3] It appears defense counsel was referring to section 13700, subdivision (d), pursuant to which a court may issue a criminal protective order via section 136.2, subdivision (i)(1).

[4] The complaint does not name any person or persons as the victim or victims.

prosecutor added "[h]is daughter said she saw him with the gun." Defense counsel responded, "[a]t the house. When she was asked had she ever seen him with a gun at the house, and she said yes." The court replied "I'm issuing the [protective order]. You're welcome to appeal the order." The court reasoned "[t]his is absolutely [] domestic violence. [Defendant], I want to make sure you understand the order. I'm issuing the order for ten years. It orders you to stay completely away from her, both of your children, until further order of the Court."[5]

Defendant noted he would be deported upon completion of his sentence. The court issued the order on Judicial Council Form CR-161, titled "Criminal Protective Order – Other Than Domestic Violence." The court checked the box indicating the order was issued pursuant to section 136.2. The second page of the protective order, citing to *People v. Stone* (2004) 123 Cal.App.4th 153, notes under a section labeled "Warnings and Notices", that "[o]rders under [] section 136.2 are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a state prison commitment." The court immediately thereafter sentenced defendant to state prison as contemplated in his plea agreement.

---

[5] Part of the difficulty for the parties and the court below to argue and make factual determinations in the first instance, and for the parties and this court on appeal to review such findings, is that the factual basis for the plea did not contain any specifics regarding the context of the offenses. Rather, the factual basis for the plea consisted solely of an admission to the clinical statement of the offenses contained in the complaint. (See fn. 2.) Thus, the argument and findings regarding the protective order were based predominantly on the contradictory statements of the background of the offenses made by counsel.

DISCUSSION

Defendant contends the court erred in issuing a criminal protective order pursuant to section 136.2 because his ex-wife and children were not victims or witnesses to the offenses for which he was convicted and were not victims of domestic violence in the instant case. The People disagree with defendant's argument that his children were not victims of the instant crimes; however, the People concede none of the subjects of the protective order were victims of domestic violence and issuance of the protective order exceeded the court's authority because the pendency of the criminal proceeding had ended. We agree with the People and strike the criminal protective order.

Restraining orders "issued pursuant to section 136.2 [] authorize[] any court with jurisdiction over a criminal matter which has a 'good cause belief *that harm to, or intimidation or dissuasion of, a victim or witness* has occurred or is reasonably likely to occur,' to issue a restraining order." (*People v. Stone, supra,* 123 Cal.App.4th at pp. 158-159, italics added.) In cases in which a defendant is neither charged nor convicted of domestic violence, "a criminal protective order must be based on a finding of good cause to believe an attempt *to intimidate or dissuade a victim or witness* has occurred or is reasonably likely to occur. That finding may be based on the underlying charges and the circumstances surrounding the commission of the charged offenses, but a mere finding of past harm to the victim or a witness is not sufficient." (*Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 964, italics added.)

"Although section 136.2 does not indicate on its face that *the restraining orders it authorizes are limited to the pendency of the criminal action in which they are issued or*

7

*to probation conditions*, *it is properly so construed*. It authorizes injunctions only by courts with jurisdiction over criminal proceedings and is aimed at protecting only 'victim[s] or witness[es],' an indication of its limited nature and focus on preserving the integrity of the administration of criminal court proceedings and protecting those participating in them." (*People v. Stone, supra,* 123 Cal.App.4th at p. 159, italics added; accord *People v. Selga* (2008) 162 Cal.App.4th 113, 118-119; *People v. Ponce* (2009) 173 Cal.App.4th 378, 383; *Babalola v. Superior Court, supra,* 192 Cal.App.4th at p. 965.)**6**

Although none of the aforementioned cases involved domestic violence, none of them narrowed their holdings to those involving only nondomestic violence offenses. (*Babalola v. Superior Court, supra,* 192 Cal.App.4th at p. 965.) Indeed, in *Babalola* the court noted "section 136.2, subdivision (a)(1), expressly authorizes ex parte criminal protective orders *in domestic violence cases* and we have no doubt such emergency orders are proper in cases involving violent crimes in other contexts as well, provided there is an adequate showing of the need for *a temporary order* and the court thereafter schedules a hearing to consider whether the order should continue *for the duration of the criminal case*. [Citations.]" (*Ibid.*, italics added.) Thus, albeit in dictum, the court

---

**6** Shortly after the opinion in *Babalola* was published, the Legislature responded to *Ponce* and *People v. Selga* (2008) 162 Cal.App.4th 113 by strengthening the protections available to victims of *domestic violence offenses* through the addition of subdivision (i) to section 136.2. That subdivision, alone under section 136.2, allows protective orders to continue beyond the expiration of the criminal proceedings *only when a defendant has been convicted of domestic violence offense*. (2011 Legis. Bill Hist. CA S.B. 723.)

explicitly observed that even in domestic violence cases, any order issued pursuant to section 136.2, subdivision (a)(1), would be limited to the duration of the criminal proceedings. (*Ibid*.)

Here, the People concede the case did not involve an offense of domestic violence. The court's order specifically indicated it was issued in a case "other than domestic violence." Defendant was neither charged nor convicted of any crime of domestic violence as enumerated in section 1300, subdivision (b). Even if the court had issued the protective order pursuant to section 136.2, subdivision (a)(1), the duration of the criminal protective order must be limited to the duration of the criminal proceedings. (*Babalola, supra,* 192 Cal.App.4th at p. 965.) The court's order would, therefore, be invalid after defendant was committed to state prison. The court sentenced defendant to prison immediately after issuing the protective order. Thus, the court acted beyond its authority in issuing a protective order extending 10 years beyond the judgment in this case. The protective order is therefore stricken.

## DISPOSITION

The criminal protective order issued by the court below on September 25, 2012,

9

is stricken.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.