Filed 4/30/14  P. v. Giles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074120 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01136) |
| v. | |
| CHRISTOPHER GILES, | |
| Defendant and Appellant. | |

Defendant Christopher Giles pleaded no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and admitted one strike (§ 667, subds. (b)-(i)) in return for the dismissal of other counts and allegations with a *Harvey*[2] waiver and a stipulated state prison term of 32 months.  At sentencing, the trial court imposed the stipulated sentence.  Citing sections 136.2 and 273.5, former subdivision (i), the court

---

[1]     Undesignated section references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

1

also issued a protective order prohibiting defendant from harassing C.C., the alleged victim in several of the dismissed counts.

Defendant contends the protective order was not authorized under either statute cited by the trial court. The Attorney General concedes that section 273.5, former subdivision (i) did not authorize the order, but contends that section 136.2, subdivision (i)(1) did. We conclude defendant is correct. We strike the protective order and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

An amended complaint (later deemed an information) accused defendant of inflicting corporal injury resulting in a traumatic condition upon C.C., the parent of defendant's child (count one; § 273.5, subd. (a)); misdemeanor infliction of pain and suffering upon A.D., a child aged two months (count two; § 273a, subd. (b)); making criminal threats against C.C. (counts three & seven; § 422); assaulting C.C. with a firearm (counts four & five; § 245, subd. (a)(2)); unlawfully discharging a firearm in a grossly negligent manner (count six; § 246.3); misdemeanor use of force upon the person of C.C., the parent of defendant's child (count eight; § 243, subd. (e)(1)); being a felon in possession of a firearm (count nine; § 29800, subd. (a)(1)); and unlawfully possessing a short-barreled rifle (count ten; § 33215). The complaint alleged defendant had been convicted of robbery, a serious felony and strike (§§ 211, 667, subds. (a), (b)-(i), 1170.12), and he had served three prior prison terms (§ 667.5, subd. (b)).

Defendant entered a plea of no contest to count nine and admitted the strike in return for a state prison term of 32 months (the low term on count nine, doubled for the strike). Defendant pleaded not guilty to the remaining counts and denied the remaining priors. The trial court deferred the People's motion to dismiss the remaining counts in the interest of justice.

The prosecutor recited the factual basis for defendant's plea as follows: "On February 2nd, 2013, officers responded to the defendant's home in Sacramento County.

2

[C.C.], who resides with the defendant, told the officers that the defendant possessed a firearm, that the firearm was located in the garage area of the residence concealed behind a curio cabinet. [¶] [C.C.] told the officers that the defendant had previously pointed the firearm at her and had previously fired the firearm inside the house. [¶] The officers searched the area where [C.C.] described and located a Ruger 10/22 semiautomatic firearm, the barrel and buck stock of the rifle were sawed off, and the length of the rifle was approximately 18 inches. The rifle was loaded with ten live rounds of ammunition. [¶] The defendant admitted that he had handled the firearm previously. He might have moved it. [¶] Admittedly, [C.C.]'s son, [J.], admitted that the defendant did possess the firearm and that he had given [J.] the firearm previously to move for him. [¶] The defendant was previously convicted of felony offense [*sic*] of second-degree robbery, in violation of Section 211 of the Penal Code on January 28th, 1999, in the County of Sacramento, which is a strike offense and a prior felony for a 29800 [former § 12021]."[3]

At judgment and sentencing, the trial court imposed the agreed upon 32-month prison sentence and dismissed the remaining counts in the interest of justice with a *Harvey* waiver. (The prosecutor stated that the *Harvey* waiver was "for restitution to the victim if there is any.") The court then told defendant, "We're going to serve you with this protective order. And make sure you take a look at that and understand that. You can discuss that with [defense counsel] if you care to. It's pretty clear. Pretty much means you can't harass her." Defendant said, "Okay."

---

**3**     After this recital, the trial court asked why the People were pleading the case to a low term. The prosecutor replied that C.C.'s statements contained many inconsistencies, going even to whether the incidents happened at all; furthermore, she was still in contact with defendant and did not want a no-contact order.

Defense counsel later requested a six-week continuance for judgment and sentencing because defendant was going to marry C.C.

The trial court thereupon entered a "criminal protective order -- domestic violence" pursuant to sections 136.2 and 273.5, former subdivision (i), which barred defendant from harassing C.C.  The order purported to take effect on May 24, 2013, the date of sentencing, and to expire on May 24, 2018.

## DISCUSSION

Defendant contends the protective order could not properly issue under either statute cited by the trial court.[4]  The Attorney General agrees as to section 273.5, former subdivision (i), but disagrees as to section 136.2.  Defendant has the better argument.

The parties are correct that section 273.5, former subdivision (i) could not authorize the protective order.  Section 273.5, former subdivision (i) provided:  "Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim . . . ."  (Stats. 2012, ch. 867, § 16.)  But defendant was not convicted under section 273.5, subdivision (a).  Count one, which charged that offense, was dismissed (albeit with a *Harvey* waiver).

Defendant contends that section 136.2 also fails to authorize the protective order.  In his opening brief, he reasons as follows:

Section 136.2, subdivision (a), at the time of defendant's conviction, stated in part:  "Except as provided in subdivision (c), upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, any court with jurisdiction over a criminal matter may issue orders including, but not limited to, the following: [¶]  . . .  [¶]  (4) An order that any person described in this section shall have no communication whatsoever with any specified witness or any

---

**4**     He also contends his failure to object below does not forfeit the contention because the order, absent any valid statutory basis, is unauthorized.  The Attorney General does not argue that the contention is forfeited.  In light of our conclusion that the protective order is unauthorized, we agree that defendant's failure to object did not forfeit his contention.  (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382.)

4

victim . . . ." (Stats. 2012, ch. 513, § 2.) Protective orders issued under this provision are "operative only during the pendency of the criminal proceedings and as prejudgment orders." (*People v. Selga* (2008) 162 Cal.App.4th 113, 117-119 [striking an order issued under this provision during trial but then modified after trial to a probation condition]; see *People v. Stone* (2004) 123 Cal.App.4th 153, 159.) But here, the protective order was issued at the close of the criminal proceeding and not as a prejudgment order; therefore, it cannot be authorized by section 136.2.

The Attorney General replies that defendant has overlooked the material portion of section 136.2, namely subdivision (i)(1), which provided, at the time of defendant's conviction: "*In all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700*, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail, or whether imposition of sentence is suspended and the defendant is placed on probation."[5] (Stats. 2012, ch. 513, § 2, italics added.) " 'Domestic violence' " means "abuse committed against an adult or a minor who is a . . . cohabitant . . . or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." (§ 13700, subd. (b).) " 'Abuse' " means "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in

---

**5**     The Attorney General asserts that this provision, which was enacted in 2011 (Stats. 2011, ch. 155, § 1), "essentially nullified" the holdings of *People v. Selga, supra*, 162 Cal.App.4th 113, and *People v. Stone, supra,* 123 Cal.App.4th 153, on which defendant relies. Because we conclude that the precondition to applying section 136.2, subdivision (i)(1) has not been met here, we need not decide whether the Attorney General is correct as to this provision. As to section 136.2, subdivision (a), however, the Attorney General is clearly incorrect in any case where subdivision (i)(1) does not apply.

5

reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (§ 13700, subd. (a).)

The Attorney General does not assert that the offense of felon in possession of a firearm, to which defendant pleaded no contest, is a "crime of domestic violence" on its face. She argues, rather: (1) The dismissed counts included crimes of domestic violence, and the *Harvey* waivers (which were "specifically referenced by the parties at the time of the plea") permitted the trial court to consider them for purposes of issuing a protective order; and (2) The factual basis for defendant's no contest plea, as recited by the prosecutor, included defendant "pointing a weapon at the victim and firing the weapon in the house" -- these facts demonstrated that defendant " 'intentionally or recklessly caus[ed] or attempt[ed] to cause bodily injury, or plac[ed] another person [defendant's cohabitant and the mother of his child] in reasonable apprehension of imminent serious bodily injury]' " within the meaning of section 13700, subdivisions (a) and (b). We are not persuaded.

The Attorney General cites no authority, and we know of none, holding that the use of a *Harvey* waiver can stretch so far as to turn dismissed counts into convictions. The Attorney General also cites no authority, and we know of none, holding that a *Harvey* waiver permits a trial court to consider dismissed counts even for the limited purpose of deciding whether to issue a protective order. The Attorney General's artfully phrased assertion (without citation to the record) that the dismissed charges "were specifically referenced by the parties at the time of the plea" does not get the Attorney General where she wants to go, because the parties and the trial court discussed the dismissed charges and the *Harvey* waivers on the record only with respect to a future order of restitution. Absent record citation and citation to apposite authority, the Attorney General's reliance on the *Harvey* waivers fails.

The Attorney General's claim that the factual basis for defendant's plea establishes his conviction of a crime of domestic violence is equally unfounded. As we

6

noted, the offense of felon in possession of a firearm is not facially a crime of domestic violence. Furthermore, that offense by its nature does not have a "victim." Thus, the Attorney General's assertion that C.C. was a "victim" *of that crime* (which the prosecutor did not say when reciting the factual basis for defendant's plea) is inapt. The facts on which the Attorney General relies cannot transmogrify defendant's conviction of the offense of felon in possession of a firearm into a conviction of a crime of domestic violence.

Because the Attorney General concedes that the protective order could not be validly issued under section 273.5, and has not shown any valid ground for issuing it under section 136. 2 (either subd. (a) or subd. (i)(1)), we conclude that the order must be stricken.

## DISPOSITION

The protective order is stricken. In all other respects, the judgment is affirmed.

      NICHOLSON    , J.

We concur:

      RAYE      , P. J.

      HOCH      , J.