Filed 6/26/15  P. v. Febbo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049788 |
| v. | (Super. Ct. No. P00205) |
| RICK RYAN FEBBO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed as modified and remanded.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier, and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

Rick Ryan Febbo appeals from an order revoking his parole after the trial court imposed a three-year criminal protective order pursuant to Penal Code section 646.9, subdivision (k) (all further statutory references are to the Pen. Code). Febbo argues the court erred by imposing the order pursuant to section 646.9, subdivision (k), the stalking statute, because he was not convicted of stalking.

We agree and strike the three-year criminal protective order imposed pursuant to section 646.9, subdivision (k), and remand the matter to the trial court to allow it to exercise its direction whether to enter a similar protective order pursuant to different authority. The order is affirmed as modified.

FACTS

In November 2009, Febbo was convicted of first degree burglary (§ 459), and indecent exposure (§ 314). The trial court sentenced him to two years in prison, and he was released on parole in November 2010. He violated parole, his parole was revoked, and he was released on parole again in November 2013 for a maximum period of March 2014 with terms and conditions.

On a couple early mornings in January 2014, Angela W. was in the shower and looked out her bathroom window. Febbo stood nude on his illuminated outdoor balcony and masturbated.

A petition to revoke parole was filed. The petition alleged that on a few mornings in January 2014, Febbo stood naked on his balcony and masturbated. At the parole revocation hearing, Angela testified Febbo stood on his balcony and masturbated. Angela said her bathroom window was about 30 to 35 feet below his balcony.

The trial court concluded Febbo violated his parole conditions and revoked parole. The court sentenced Febbo to jail for 180 days. The court issued a three-year criminal protective order pursuant to section 646.9, subdivision (k), using a form Judicial Council criminal protective order.

2

DISCUSSION

Febbo argues the trial court erred in issuing a three-year criminal protective order pursuant to section 646.9, subdivision (k). Febbo anticipates the Attorney General's forfeiture argument and asserts the issue is preserved for appellate review because it was an unauthorized sentence in excess of the court's jurisdiction.

The Attorney General makes a number of contentions. She asserts the issue is forfeited because defense counsel did not object to the order below. If the issue is preserved for appellate review, she concedes the trial court lacked the authority to make the order pursuant to section 646.9, subdivision (k). She claims however the court could have imposed the order pursuant to section 3000.08, subdivision (f)(1), as a condition of parole. As we explain below, we conclude the issue is preserved for appellate review, the order must be stricken, and the matter must be remanded. We conclude the issue was not forfeited for appellate review and accept the Attorney General's concession. We decline her invitation to let the order stand and remand the matter to the trial court.

A. *Forfeiture*

The Attorney General claims Febbo forfeited appellate review of this issue by not objecting to the order at the hearing. Febbo concedes he did not raise this issue below. As a general rule, an appellant forfeits issues on appeal he did not raise in the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 852.) However, there are exceptions to this rule for unauthorized sentences and sentencing decisions in excess of the trial court's jurisdiction. (*Ibid.*) Febbo contends the issue here involves the jurisdictional validity of the trial court's imposition of the three-year criminal protective order during sentencing. Thus, we will address the merits of his claim. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382.)

*B. Merits*

Febbo argues the trial court erred by imposing the three-year criminal protective order pursuant to section 646.9, subdivision (k). We agree.

Section 646.9, subdivision (a), states, "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking . . . ." Section 646.9, subdivision (k)(1), provides, "The sentencing court also shall consider issuing an order restraining the defendant from any contact with the victim, that may be valid for up to 10 years, as determined by the court. . . ."

At the hearing, the trial court did not state the statutory basis for imposing the three-year criminal protective order. However, the order indicates the court imposed the order pursuant to section 646.9, subdivision (k). The Attorney General concedes this was an improper basis to impose the order because Febbo was not convicted of stalking. We accept the Attorney General's concession.

The Attorney General contends however the trial court could have imposed the three-year criminal protective order as a condition of parole pursuant to section 3000.08, subdivision (f)(1). We decline the Attorney General's invitation to let stand the three-year criminal protective order based on a different ground. We remand the matter to the trial court to allow it to exercise its direction whether to enter a similar criminal protective order pursuant to different authority. (*People v. Selga* (2008) 162 Cal.App.4th 113, 116, 121.)

4

## DISPOSITION

The three-year criminal protective order is stricken.  The matter is remanded to the trial court to allow it to exercise its discretion whether to enter a similar criminal protective order pursuant to different authority.  In all other respects, the order is affirmed as modified.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.