[No. C055082. Third Dist. Apr. 22, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD DEAN SELGA, Defendant and Appellant.

---

## COUNSEL

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**SIMS, J.**—Defendant Ronald Dean Selga pled guilty to stalking Christina Reyes, his ex-girlfriend and the mother of his child (Pen. Code, § 646.9, subd. (a)),[1] possessing methamphetamine (Health & Saf. Code, § 11377) and misdemeanor disobeying a court order (§ 273.6). Five other counts were dismissed and defendant agreed to a stipulated sentence whereby he was granted five years' probation including service of 360 days in jail. Defendant appeals from the imposition of a criminal protective order under section

---

[1] Undesignated statutory references are to the Penal Code.

1203.097, subdivision (a)(2),[2] issued to protect Reyes's current boyfriend, Julian Huck, contending Huck is not a person protected within that statute and therefore the criminal protective order is invalid. We agree. We shall strike the section 1203.097 protective order and shall remand the matter to the trial court to allow it to exercise its discretion whether to enter a protective order as a general condition of probation under section 1203.1.

## FACTUAL BACKGROUND

Between November 20 and December 26, 2006, defendant threatened and harassed his ex-girlfriend, Reyes, and her current boyfriend, Huck. He threatened to physically harm them and vandalized both of their cars. On December 11, 2006, Reyes obtained a civil restraining order barring defendant from contacting her. Defendant repeatedly violated this restraining order. On December 20, 2006, defendant was found in possession of half a gram of methamphetamine.[3]

## PROCEDURAL HISTORY

On January 2, 2007, during the pendency of the proceedings, the court issued criminal protective orders, pursuant to section 136.2[4] on behalf of both Reyes and Huck.

---

[2] Section 1203.097 provides as pertinent:

"(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] . . . [¶]

"(2) A criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse and harassment, and, if appropriate, containing residence exclusion or stay-away conditions."

Family Code section 6211 provides:

" 'Domestic violence' is abuse perpetrated against any of the following persons:

"(a) A spouse or former spouse.

"(b) A cohabitant or former cohabitant, as defined in Section 6209.

"(c) A person with whom the respondent is having or has had a dating or engagement relationship.

"(d) A person with whom the respondent has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12).

"(e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act, where the presumption applies that the male parent is the father of the child to be protected.

"(f) Any other person related by consanguinity or affinity within the second degree."

[3] As there was no preliminary hearing or probation report, these facts are taken from the stipulated factual basis for the plea.

[4] Section 136.2 provides as pertinent:

"(a) Except as provided in subdivision (c), upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur,

Reyes also obtained a permanent restraining order from the family law court. This order protected Reyes and her children. In light of this broader protective order, at sentencing, the court terminated the criminal protective order as to Reyes. The court also issued an order, as a condition of probation, requiring defendant to stay away from Reyes.

The court went on to modify the criminal protective order issued on behalf of Huck, changing it to a posttrial probation condition. Defense counsel objected to the imposition of this condition.

## DISCUSSION

Defendant contends the imposition of a criminal protective order for Huck as a condition of probation was not authorized under sections 136.2 or 1203.097, subdivision (a)(2), and therefore must be stricken. The People

---

any court with jurisdiction over a criminal matter may issue orders including, but not limited to, the following:

"(1) Any order issued pursuant to Section 6320 of the Family Code.

"(2) An order that a defendant shall not violate any provision of Section 136.1.

"(3) An order that a person before the court other than a defendant, including, but not limited to, a subpoenaed witness or other person entering the courtroom of the court, shall not violate any provisions of Section 136.1.

"(4) An order that any person described in this section shall have no communication whatsoever with any specified witness or any victim, except through an attorney under any reasonable restrictions that the court may impose.

"(5) An order calling for a hearing to determine if an order as described in paragraphs (1) to (4), inclusive, should be issued.

"(6) An order that a particular law enforcement agency within the jurisdiction of the court provide protection for a victim or a witness, or both, or for immediate family members of a victim or a witness who reside in the same household as the victim or witness or within reasonable proximity of the victim's or witness' household, as determined by the court. The order shall not be made without the consent of the law enforcement agency except for limited and specified periods of time and upon an express finding by the court of a clear and present danger of harm to the victim or witness or immediate family members of the victim or witness.

"For purposes of this paragraph, 'immediate family members' include the spouse, children, or parents of the victim or witness.

"(7)(A) Any order protecting victims of violent crime from all contact by the defendant, or contact, with the intent to annoy, harass, threaten, or commit acts of violence, by the defendant. The court or its designee shall transmit orders made under this paragraph to law enforcement personnel within one business day of the issuance, modification, extension, or termination of the order, pursuant to subdivision (a) of Section 6380 of the Family Code. It is the responsibility of the court to transmit the modification, extension, or termination orders made under this paragraph to the same agency that entered the original protective order into the Domestic Violence Restraining Order System."

claim that since the court has wide discretion under section 1203.1 the court was authorized to impose a stay-away order on behalf of Huck under this provision. While the People are right that the court enjoys wide discretion under section 1203.1 to impose a stay-away order as a condition of probation, the record demonstrates that was not the statutory basis for the court's actions in this case. Moreover, as we shall explain, violation of a section 1203.097 protective order carries sanctions not available for violation of a general condition of probation. Accordingly, we agree with defendant that the criminal protective order must be stricken and the matter remanded to the trial court.

### 1. Criminal Protective Order Under Section 136.2

■ Under section 136.2 (fn. 4, *ante*), during the pendency of a criminal proceeding when the court has a "good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur," the court is authorized to issue a restraining order. However, section 136.2 is limited "to the pendency of [a] criminal action" because section 136.2 "is aimed at protecting only 'victim[s] or witness[es].' " (*People v. Stone* (2004) 123 Cal.App.4th 153, 159 [19 Cal.Rptr.3d 771] (*Stone*).)

The record demonstrates the January 2, 2007, protective orders issued on behalf of both Reyes and Huck were issued under section 136.2. In arguing against the orders, defense counsel expressly referenced section 136.2. In addition, the court utilized Judicial Council form MC-220, which expressly delineates section 136.2 as the basis for the orders pending trial. Huck qualified for protection under this section, because he was a victim of defendant's harassing and threatening conduct, and defendant had also vandalized Huck's car.

Because the only purpose of orders under section 136.2 "is to protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued in order to allow participation without fear of reprisal," the duration of such an order "is limited by the purposes it seeks to accomplish in the criminal proceeding." (*Stone, supra*, 123 Cal.App.4th at pp. 159–160.) That is, the protective orders issued under section 136.2 were

operative only during the pendency of the criminal proceedings and as prejudgment orders. (*Stone, supra,* at p. 160.)

### 2. *Criminal Protective Order Under Section 1203.097*

■ Under section 1203.097, subdivision (a)(2) (fn. 2, *ante*), where defendant is convicted of a crime of domestic violence and placed on probation, the court is required to issue a criminal protective order. Because section 1203.097 is directed at the protection of victims of domestic violence, a protective order under this section may be issued for the protection of only persons identified in section 6211 of the Family Code. (§ 1203.097, subd. (a); fn. 2, *ante*.) These victims include cohabitants and spouses, as well as former cohabitants and spouses, those who have or have had a dating or engagement relationship, one with whom the defendant has had a child, the child of a defendant, or any other person related by consanguinity or affinity within the second degree. (Fam. Code, § 6211; fn. 2, *ante*.) Defendant and Huck had none of these relationships.

The record demonstrates the January 16, 2007, restraining order issued on behalf of Huck was issued under section 1203.097, subdivision (a)(2). The court again used Judicial Council form MC-220, which specifies that criminal protective orders which are issued as posttrial probation conditions are issued under section 1203.097, subdivision (a)(2). The clerk's minutes indicate one of the terms of probation was to "stay away as to Christina Reyes" and reflected the termination of the protective order for Reyes, but the minutes also reflect the requirement that defendant comply with all conditions of the modified criminal protective order. As the criminal protective order for Reyes was terminated, this could refer to only the protective order for Huck. In addition, the court indicated the existing criminal protective order for Huck would be modified from an order pending trial to a permanent posttrial probation condition.

While Huck qualified as a victim of the offenses for purposes of section 136.2, he did not qualify as a person who could be protected under section 1203.097, subdivision (a)(2). Reyes qualified for protection under section 1203.097, as both a former girlfriend of defendant's and the mother of his child. However, there is no provision in section 1203.097 for the protection of a current boyfriend of a person actually entitled to protection.

### 3. *Protective Order Under Section 1203.097 Was Not Authorized*

 The People do not argue that the court could issue the order under sections 136.2 or 1203.097, subdivision (a)(2). Rather, the People contend the court was authorized to issue a stay-away order pursuant to its broad discretion under section 1203.1. It is certain that under section 1203.1, the trial court has broad discretion to impose reasonable probation conditions. (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65 [90 Cal.Rptr.2d 77].) Defendant does not claim otherwise. Defendant's claim is that the order was not issued under section 1203.1, but under section 1203.097, which was unauthorized. The People's argument is essentially that since the condition could have been imposed under section 1203.1, there is no prejudice.

We cannot accept the People's position. The criminal protective order itself advises that a violation of the restraining order may be punished as a contempt of court, a misdemeanor or a felony. By contrast, for conduct that is not otherwise criminal, as defendant points out, a stay-away order imposed as a condition of probation is not punishable as a separate offense. "The ramifications of a violation of a condition of probation are stated by the court and established by statute, i.e., that probation may be revoked. Following revocation of probation, a defendant is to receive no greater sentence than that he could have received at the time probation was granted, and the length of a sentence shall be based on circumstances as they existed at the time probation was granted." (*People v. Johnson* (1993) 20 Cal.App.4th 106, 112 [24 Cal.Rptr.2d 628].)

 We find the court abused its discretion in imposing probation conditions pursuant to section 1203.097, ordering defendant to have no contact with Huck and to not come within 100 yards of him. However, we agree with the People that a stay-away order as to Huck may nonetheless be an appropriate condition of probation in light of the circumstances of the offense, which included defendant making threats to Huck and damaging his car. (See *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] [condition of probation that requires conduct is valid if conduct is reasonably related to crime of which defendant was convicted or future criminality].) Accordingly, we will remand the matter to the trial court to exercise its discretion under section 1203.1.

## DISPOSITION

The criminal protective order is stricken. The matter is remanded to the trial court to exercise its discretion on whether to impose a similar stay-away order as a condition of probation under Penal Code section 1203.1. In all other respects, the judgment is affirmed.

Scotland, P. J., and Raye, J., concurred.