Filed 10/16/14  P. v. McElvany CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARK DAVID McELVANY,<br><br>    Defendant and Appellant. | F067929<br><br>(Super. Ct. No. F13904559)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. F. Brian Alvarez, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Gomes, J. and Franson, J.

Defendant Mark David McElvany was convicted by guilty plea of making criminal threats (Pen. Code, § 422).[1]  He admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and the trial court sentenced him to 32 months in prison.  At sentencing, the prosecutor requested that the trial court issue a criminal protective order preventing contact with the victim, in addition to a civil protective order that was already in place.  The court agreed and issued a three-year criminal protective order under section 136.2.  On appeal, defendant contends the criminal protective order must be stricken.  The People concede and we agree.

## DISCUSSION

"Under section 136.2 …, during the pendency of a criminal proceeding when the court has a 'good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur,' the court is authorized to issue a restraining order.  However, section 136.2 is limited 'to the pendency of [a] criminal action' because section 136.2 'is aimed at protecting only "victim[s] or witness[es]."' (*People v. Stone* (2004) 123 Cal.App.4th 153, 159 (*Stone*).)"  (*People v. Selga* (2008) 162 Cal.App.4th 113, 118.)

"Because the only purpose of orders under section 136.2 'is to protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued in order to allow participation without fear of reprisal,' the duration of such an order 'is limited by the purposes it seeks to accomplish in the criminal proceeding.' (*Stone, supra,* 123 Cal.App.4th at pp. 159-160.)  That is, the protective orders issued under section 136.2 [are] operative only during the pendency of the criminal proceedings and as prejudgment orders.  (*Stone, supra,* at p. 160.)"  (*People v. Selga, supra,* 162 Cal.App.4th at pp. 118-119; see *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324-1325; *People v. Ponce* (2009) 173 Cal.App.4th 378, 383.)

[1]All statutory references are to the Penal Code.

In this case, the trial court erred when it issued the protective order under section 136.2 because it had sentenced defendant to prison.  As the second page of the criminal protective order form states:  "Orders under Penal Code Section 136.2 are valid as long as the court has jurisdiction over the case.  They are not valid after imposition of a state prison commitment.  (See *People v. Stone*[, *supra*,] 123 Cal.App.4th 153.)"  Accordingly, the parties agree that the order must be stricken.

## **DISPOSITION**

The criminal protective order under section 136.2 is stricken.  In all other respects, the judgment is affirmed.