Filed 1/20/15  P. v. Rounds CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKEY MAURICE ROUNDS,<br><br>Defendant and Appellant. | F067524<br><br>(Super. Ct. No. 1448368)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed herein on December 29, 2014, be modified in the following particulars:

1.      On page 2, the paragraph below the heading **INTRODUCTION**, the last sentence is deleted and the following sentence is inserted in its place:

> We will vacate the protective order and remand the matter to the trial court for further proceedings.

2.      On page 5, first full paragraph commencing with "In applying section," the last sentence is deleted and the following sentence is inserted in its place:

> On April 23, 2013, at the change of plea proceeding, the following exchange occurred:

3.      On page 6, fourth line from the top, following the sentence ending with "(Italics added.)," insert the following sentence:

> On remand, the court is directed to ensure any protective order imposed complies with section 1201.3 to the degree it prohibits "harassing, intimidating, or threatening" conduct.  Further, the court should specify the duration of any order it may impose.

4.      On page 6, second full paragraph commencing with "As pronounced," the last sentence is deleted and the following sentence is inserted in its place:

> For these reasons, we will remand this matter to allow the trial court to impose an appropriate protective order and will affirm the judgment in all other respects.

5.      On page 6, the paragraph following **DISPOSITION** is deleted and the following paragraph is inserted in its place:

> The protective order is vacated.  The matter is remanded to the trial court for further proceedings.  In all other respects the judgment is affirmed.

This modification changes the judgment.

Appellant's petition for rehearing is denied.

_____
LEVY, Acting P. J.


WE CONCUR:


_____
CORNELL, J.


_____
GOMES, J.

2.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>RICKEY MAURICE ROUNDS,<br><br>        Defendant and Appellant. | F067524<br><br>(Super. Ct. No. 1448368)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Cornell, J., and Gomes, J.

## INTRODUCTION

Following a conviction for assault with intent to commit a specified sex offense, a no-contact order was issued by the trial court forbidding defendant Rickey Maurice Rounds from contacting the victim of his crime. On appeal, defendant contends the court did not have authority to make such an order. We will direct the trial court to modify its order to comply with the applicable statutory authority.

## BRIEF PROCEDURAL BACKGROUND

Pursuant to a criminal complaint filed August 30, 2012, on or about January 8, 2012, defendant committed a lewd and lascivious act upon his girlfriend's daughter. The victim, referred to as Jane Doe, was under the age of 14. (Pen. Code,[1] § 288, subd. (a).) The complaint further alleged defendant had committed a prior serious felony and had served a prior prison term. (§§ 667, subd. (d), 667.5, subd. (b).)

At a hearing held April 23, 2013, defendant agreed to enter a no contest plea to a violation of section 220, subdivision (a)(1).[2] The prior prison term allegation was stricken,[3] and the court indicated it would impose the mitigated term of two years at the time of sentencing. Thereafter, on June 20, 2013, the court sentenced defendant to a term of two years in state prison. It also issued a no-contact order that is the subject of this appeal.

## DISCUSSION

Defendant argues the trial court did not have valid statutory authority for issuing its no-contact order because section "1202.01" does not exist. Further, he contends no other statute provides the relevant authority for the court's order. Moreover, defendant

---

[1]All further statutory references are to the Penal Code unless indicated otherwise.

[2]"Except as provided in subdivision (b), any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for two, four, or six years."

[3]The People's motion to strike the prior serious felony allegation was granted at an earlier hearing.

argues there is nothing in the record to support the use of the court's inherent authority to issue the no-contact order. The People agree the trial court did not identify valid statutory authority for its order at the time it imposed sentence. However, the People contend the order could have been imposed pursuant to section 1203.1; therefore, they assert remand is appropriate.

**The Law & Our Analysis**

An unauthorized sentence exceeds the court's jurisdiction because it cannot be legally imposed. (*In re Lynch* (1972) 8 Cal.3d 410, 414.) A sentence that was not made in conformity with an applicable statutory authority is said to be unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Further, an unauthorized sentence is an exception to the general rule that an objection must be preserved at trial to be cognizable on appeal. (*Ibid.*; see *People v. Robertson* (2012) 208 Cal.App.4th 965, 995.)

As both parties recognize, "section 1202.01"—referenced by the trial court in imposing the order at issue—does not exist. Initially, defendant argues, and the People concede, that section 1202.05 does not apply here. We agree with defendant and accept the People's concession. Section 1202.05[4] explicitly references a number of sexual assault provisions, yet those provisions do not include section 220, the crime to which defendant pled.

Defendant further contends the court's order cannot stand under any other provision. More particularly, he claims section 1203.1[5] is inapplicable because probation was not granted. A two-year term was imposed. And section 136.2[6] does not apply

---

[4]That section provides, in relevant part: "(a) Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289 … the court shall prohibit all visitation between the defendant and the child victim."

[5]Section 1203.1, subdivision (a) commences with the following language: "The court, or judge thereof, *in the order granting probation* …." (Italics added.)

[6]At the time of sentencing in this matter, former "section 136.2, subdivision (a) authorize[d] issuance of a protective order during the duration of criminal proceedings. Yet, this

because defendant was not convicted of a crime of domestic violence. We agree with these contentions as well.

Nevertheless, we believe an applicable statute exists that provides the court with authority to issue a no-contact order in a case such as defendant's, to wit: section 1201.3. The People argue "[a]ll that section 1201.3 requires is that [defendant] be convicted of a sexual offense involving the minor, which he was." The People contend the trial court's confusion makes remand appropriate, particularly where, as here, the trial court "was concerned enough with the child's welfare pretrial to order a criminal protective order under section 136.5." They maintain another section may serve a similar purpose, and hence, remand would permit the "trial court to consider its options."

Specifically, section 1201.3 provides, in pertinent part, as follows:

> "(a) Upon the conviction of a defendant for a sexual offense involving a minor victim …, the court is authorized to issue orders that would prohibit the defendant …, for a period up to 10 years, from harassing, intimidating, or threatening the victim or the victim's family members or spouse. [¶] … [¶]

> "(c) Notice of the intent to request an order pursuant to this section shall be given to counsel for the defendant … by the prosecutor or the court at the time of conviction, … and counsel shall have adequate time in which to respond to the request before the order is made."

---

statute d[id] not authorize issuance of a protective order against a defendant who ha[d] been sentenced to prison unless the defendant ha[d] been convicted of domestic violence." (*People v. Robertson*, *supra*, 208 Cal.App.4th at p. 996; see *People v. Ponce* (2009) 173 Cal.App.4th 378, 382–383; *People v. Selga* (2008) 162 Cal.App.4th 113, 118–119.)

We note, however, that the Legislature amended former section 136.2, subdivision (i), effective January 1, 2014, to encompass "*any crime that requires the defendant to register pursuant to subdivision* (*c*) *of Section 290* …." (Italics added.) It also states a protective order "may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail, or whether imposition of a sentence is suspended and the defendant is placed on probation." Because the amendment occurred after defendant was sentenced, it did not provide a valid basis for the court's June 2013 order.

Section 1201.3, subdivision (a) authorizes issuance of a no-contact order for a period of up to 10 years when the defendant is convicted of a sexual offense involving a minor. (*People v. Robertson*, *supra*, 208 Cal.App.4th at p. 996.)

In applying section 1201.3 here, we begin with the issue of notice. Notice must be given of intent to request a no-contact order, and we find the record provides evidence of sufficient notice. On April 23, 2013, the following exchange occurred:

> "THE COURT: And, then, the Court must order that you not visit with the—with Jane Doe here while you're in prison. I think I have to—is that—I think I have to order that even for this section, let's see, 1202.
>
> "[DEFENSE COUNSEL]: Stay-away anyway.
>
> "[PROSECUTOR]: Your Honor, I prepared a stay-away order.[7]
>
> "THE COURT: Oh, so the Court will be ordering that you not have contact with or visit with the—oh, here we go, with Jane Doe here."

Thus, while not a model of clarity, defense counsel was plainly on notice prior to sentencing in this matter that the prosecutor intended to seek a no-contact order and that the court believed it had an obligation to issue such an order in this case.[8]

However, with regard to subdivision (a) of section 1201.3, the court did not limit the protective order's duration. Nor did it state defendant was prohibited from "harassing, intimidating, or threatening the victim" or victim's family. Specifically here, at sentencing,[9] the court imposed the mitigated term of two years, imposed various fines

---

[7]The record on appeal does not include any written request or order prepared by the People.

[8]The court issued an initial protective order that was to be operative during the pendency of the criminal proceedings. Defendant was "not to harass, strike, threaten, assault, follow, stalk, molest, destroy or damage personal or real property of, disturb the peace of, keep under surveillance or block movements of [Jane Doe]." He was advised not to "attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying," and was to "[h]ave no personal, electronic, telephonic or written contact with her. No contact with her through a third party except your attorney of record. And do not come within 100 yards of her."

[9]Prior to the imposition of sentence, defendant unsuccessfully moved to withdraw his earlier guilty plea.

5.

and fees, ordered defendant to register as a sex offender pursuant to section 290, then stated: "Mr. Rounds, Mr. Rounds [defendant was interrupting the court], and then *you're ordered not to have any contact with Jane Doe*." (Italics added.) The court added: "That is, *he can't have contact* pursuant to 1202.01 [*sic*], I believe." (Italics added.)

The amended abstract of judgment, filed August 5, 2013, does not reflect imposition of a protective order. In fact, at item No. 8, under "Other orders (*specify*):" the only notation reads "Submit to testing pursuant to PC1202.1." The related minute order dated June 20, 2013, under "Special Terms Regarding OR/Bail Release/Sentencing," provides that defendant "NOT: … Contact … Annoy, harass, molest, strike, harm, phone, stalk, assault, disturb the peace of … [or] be within 100 yards of the residence/employment of Jane Doe."

As pronounced, the court's order is too broad, as it is unlimited in duration and exceeds other contact-type limitations plainly set forth in section 1201.3. Therefore, in its present form, the order is unauthorized. (*People v. Scott*, *supra*, 9 Cal.4th at p. 354.) For these reasons, we will modify the protective order and affirm the judgment in all other respects.

Because we have found section 1201.3 provides a statutory basis for the trial court's protective order in this case, we do not address defendant's argument that the court could not exercise its inherent authority in making such an order.

## DISPOSITION

The court's no-contact order as orally imposed must be modified. Accordingly, the trial court is directed to prepare an amended minute order and to issue a second amended abstract of judgment reflecting that, pursuant to section 1201.3, defendant is prohibited from harassing, intimidating, or threatening Jane Doe or her family members for a period of up to 10 years. In all other respects, the judgment is affirmed.