Filed 7/12/16  P. v. Dotson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C081111 |
| v. | (Super. Ct. No. 13F03761) |
| CHARLES DOTSON, | |
| Defendant and Appellant. | |

Defendant Charles Dotson challenges three 3-year protective orders issued pursuant to Penal Code section 136.2.[1]  Section 136.2 authorizes protective orders when a trial court with jurisdiction in a criminal matter has good cause to believe a victim or witness has or will be harmed, intimidated or dissuaded.  (§ 136.2)

---

[1] Undesignated statutory references are to the Penal Code.

1

We will reverse the protective orders because their terms exceeded the duration of the criminal proceeding.  However, because defendant was required to register under section 290, subdivision (c), we will remand so the trial court can consider issuing a postconviction restraining order as required by section 136.2, subdivision (i).

## BACKGROUND

In June 2012, when defendant was 19 years old, he placed his penis in 13-year-old M.B.'s vagina without her consent and with sexual intent.  The People charged him with committing a lewd and lascivious act on a child under the age of 14 years.  (Count one, § 288, subd. (a).)  It was further alleged defendant had substantial sexual contact with the victim.  (§ 1203.066, subd. (a)(8).)

On October 30, 2013, the trial court issued a protective order on defendant pursuant to section 136.2.  The order was set to expire three years later on October 30, 2016.  The trial court subsequently issued two additional protective orders on October 2 and October 24, 2014.  Those were also issued pursuant to section 136.2 and they were set to expire three years later in October 2017.

Defendant pleaded no contest to count one.  (§ 288, subd. (a).)  Consistent with the agreement of the parties, the trial court sentenced defendant on July 9, 2015, to three years in prison.  Defendant was required to register as a sex offender pursuant to section 290.  There is no indication in the record that the trial court considered a postconviction restraining order.

## DISCUSSION

Defendant contends all three protective orders issued pursuant to section 136.2 must be stricken because such orders expire when the trial court loses jurisdiction over the criminal case.  (§ 136.2, subd. (a)(1).)  The People agree the protective orders were no longer valid after the trial court rendered its judgment and sentence, but contend the proper remedy is to remand to the trial court to clarify whether it intended to impose

2

a postconviction order. Alternatively, the People contend we need not take any action because the orders have already terminated as a matter of law.

Protective orders issued pursuant to section 136.2, subdivision (a) are "limited to the pendency of the criminal action." (*People v. Stone* (2004) 123 Cal.App.4th 153, 159.) Once the trial court has issued its judgment and sentence, a section 136.2, subdivision (a) protective order is no longer operative. (*People v. Selga* (2008) 162 Cal.App.4th 113, 118-119.) Because the protective orders here were issued for three years and were not limited to the pendency of the criminal proceeding, they transcend the authorization of section 136.2, subdivision (a) and must be reversed. (*People v. Stone, supra*, 123 Cal.App.4th at p. 160.)

Still, where a defendant is convicted of a crime requiring registration pursuant to section 290, subdivision (c), "the court, at the time of sentencing, *shall* consider issuing an order restraining the defendant from any contact with the victim." (§ 136.2, subd. (i)(1), italics added.) The order may be valid for up to 10 years, and it may be imposed whether defendant is incarcerated or placed on probation. (*Ibid.*)

As defendant notes in his briefing, even though he was convicted of an offense requiring registration under section 290, subdivision (c), there is no indication the trial court considered imposing a postconviction restraining order protecting the victim M.B. The probation report and the People did not mention such an order. This was an error and we shall remand the matter for the trial court to consider such an order in favor of M.B.

DISPOSITION

The restraining orders against defendant are reversed and the case is remanded so the trial court can consider issuing a restraining order pursuant to section 136.2, subdivision (i). Should the trial court decide to impose a restraining order, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy

of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
BLEASE, Acting P. J.

_____/S/_____
NICHOLSON, J.