Filed 11/5/21  P. v. Lynn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAXON DANIEL LYNN,<br><br>Defendant and Appellant. | C093473<br><br>(Super. Ct. No. CRF2001917) |

Defendant Saxon Daniel Lynn pled no contest to making criminal threats and admitted a prior conviction enhancement.  At the conclusion of the hearing, the probation officer told the trial court the victim was requesting a criminal protective order (the order).  The trial court issued the order and advised defendant regarding the prohibited conduct identified therein.  Defendant did not object.  Defendant's sentencing hearing was held approximately two months later, during which the trial court sentenced defendant to two years eight months in prison.

1

Defendant's sole argument on appeal is that the trial court abused its discretion for various reasons when it issued the order.  The People argue defendant forfeited the argument by failing to object to the imposition of the order or, alternatively, the issue is moot because the order is no longer in effect.  We agree with the People that the issue is forfeited.

Defendant acknowledges that, " '[a]s a general rule, an appell[ant] waives issues on appeal that he or she did not initially raise in the trial court.' " (Citing *People v. Ponce* (2009) 173 Cal.App.4th 378.)  Defendant asserts, however, that the exception to the forfeiture rule " 'for unauthorized sentences and sentencing decisions that are in excess of the trial court's jurisdiction' " should apply.  (Citing *ibid*.)

It is clear the argument is forfeited unless the exception applies because defendant did not object to the imposition of the order.  (*People v. Ponce*, *supra*, 173 Cal.App.4th at p. 381.)  The problem with defendant's argument is that the imposition of the order was not an unauthorized *sentence* and did not form part of the trial court's *sentencing* decisions.  While the trial court did not select the statutory basis for the order on the form, the parties agree the only applicable statute pursuant to which the trial court could have granted the order was Penal Code section 136.2.  A criminal protective order issued pursuant to that statute is operative only *during the pendency of the criminal proceedings* and as prejudgment orders.  (*People v. Selga* (2008) 162 Cal.App.4th 113, 118-119.)  Consistent with the foregoing, the back of the order stated it was valid only "as long as the court has jurisdiction over the case" and it was "not valid after imposition of a state prison commitment," citing *People v. Stone* (2004) 123 Cal.App.4th 153.  Further, the order was imposed prior to sentencing and was not mentioned by the trial court during the sentencing hearing.

Based on the foregoing, the order terminated by operation of law and based on the plain language on the back of the order when the trial court sentenced defendant.  The

exception to the forfeiture rule upon which defendant relies thus simply does not apply under the facts presented.  Defendant's argument is forfeited.

DISPOSITION

The judgment is affirmed.


/s/
Robie, Acting P. J.

We concur:



/s/
Mauro, J.



/s/
Renner, J.

3