Filed 9/20/22 P. v. Bondarenko CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IRINA OLEGOVNA BONDARENKO,<br><br>    Defendant and Appellant. | F083651<br><br>(Super. Ct. No. BF184830A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Smith, J. and DeSantos, J.

Defendant Irina Olegovna Bondarenko contends on appeal that (1) her sentence must be vacated and remanded for resentencing to permit the trial court to exercise its new discretion under Penal Code section 1170,[1] as amended by Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124), and (2) that the criminal protective order issued by the trial court was not authorized and must be stricken. The People agree. We vacate defendant's sentence and remand for resentencing in light of amended section 1170, strike the criminal protective order, and direct the trial court to issue an order vacating the criminal protective order. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On April 19, 2021, the Kern County District Attorney filed an information charging defendant with 15 counts. On September 30, 2021, the trial court granted the prosecution's motion to dismiss counts 3, 4, 6, 9, 10, 12, and 13. The counts remaining were as follows: burglary (§ 460; count 1); petty theft with a prior theft offense (§ 666, subd. (a); count 2); misappropriation of lost property (§ 485; count 5); being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 7); misdemeanor possession of heroin (Health & Saf. Code, §11350, subd. (a); count 8); possession of metal knuckles (§ 21810; count 11); misdemeanor tampering with a vehicle (Veh. Code, §10852; count 14); and possession of drug paraphernalia (Health & Saf. Code, § 11364; count 15). It was further alleged as to all felony counts (counts 1, 2, 5, 6, 7, 9, & 11) that defendant had a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

At trial, after the prosecution rested, the trial court also dismissed count 5 (misappropriation of lost property; § 485). After trial, on stipulation of the parties, count 2 (§ 666) was amended to a misdemeanor charge of petty theft (§ 484).

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

On October 6, 2021, a jury found defendant guilty on all remaining counts (counts 1, 2, 7, 8, 11, 14, and 15)[2]. On October 7, 2021, the trial court found defendant's prior strike conviction allegation to be true pursuant to section 667, subdivisions (c) through (j).

On December 8, 2021, the trial court sentenced defendant to a total term of 10 years, eight months in prison as follows: on count 1, eight years (the midterm, doubled pursuant to § 667, subd. (e)(1)); on count 7, 16 months (one-third the midterm), consecutive; on count 11, 16 months (one-third the midterm), consecutive; and on each of counts 2, 8, 14, and 15, 180 days, concurrent. Defendant was awarded 517 days of custody credits. The trial court issued postconviction criminal protective orders as to eight named individuals who were witnesses or victims of defendant's offenses.

On December 8, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On January 27, 2021, at 11:00 p.m., defendant was removing belongings from a home's garage when a resident of the home discovered her. The resident screamed and called the police. Defendant fled. Defendant was 24 years old when she committed this offense.

On March 25, 2021, defendant was opening doors of parked cars when she was interrupted by nearby residents. Defendant fled, leaving a wallet and luggage behind. She was detained by police nearby and confirmed to them that the luggage and wallet were hers. Inside the wallet and luggage were a gun, heroin, bong, dirty syringe, and metal knuckles. Defendant indicated that she knew about the heroin, metal knuckles, and

---

[2] The remaining counts are renumbered on the jury verdict forms as follows: count 7 (§ 29800, subd. (a)(1)) is renumbered as count 4; count 8 (Health & Saf. Code, § 11350, subd. (a)) is renumbered as count 5; count 11 (§ 21810) is renumbered as count 6; count 14 (§ 10852) is renumbered as count 7; and count 15 (Health & Saf. Code, § 11364) is renumbered as count 8.

gun found inside the wallet and luggage. Defendant was 25 years old when she committed these offenses.

## DISCUSSION

### A. *Assembly Bill 124*[3]

Defendant first contends her sentence must be vacated and remanded for resentencing because Assembly Bill 124's amendments to Penal Code section 1170 apply to her case.[4] The People agree, as do we.

Defendant was sentenced to the middle term of four years for count 1 (doubled pursuant to § 667, subd. (e)(1), for a total of eight).

Assembly Bill 124 amended section 1170, specifically mandating the sentencing court to consider "youth" as a mitigating factor in deciding which term to impose. Section 1170, subdivision (b)(6), now reads, in relevant part:

> "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] … [¶]

---

**3** Defendant briefly asserts that Senate Bill No. 567 (2019–2020 Reg. Sess.) (Senate Bill 567) applies to her case. However, Senate Bill 567 is inapplicable, as it applies only where a defendant is sentenced to an upper term. (§ 1170, subd. (b)(1).) Here, defendant was not.

**4** Defendant asserts that Assembly Bill 124 applies to her case because of both her age at the time she committed the offenses at issue, and because "there are indications in the record that [defendant] may also fall into one or more of the additional categories of those now presumptively eligible for a low-term sentence," including being a survivor of intimate partner violence and human trafficking. (§ 1170, subd. (b)(6)(A), (C).) Aside from her age at the time she committed the offenses, the record in this case does not show whether defendant falls into these other categories. However, upon remand and resentencing, defendant will have the opportunity to present evidence of other potential mitigating factors.

"(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).)

Section 1016.7, subdivision (b) provides that "[a] 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (Stats. 2021, ch. 695, § 4.)

Assembly Bill 124 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Assembly Bill 124's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Assembly Bill 124's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As the parties agree, defendant's case was not final on January 1, 2022, and she was 24 years old when she committed the burglary for which she was sentenced to the midterm on count 1, pursuant to former section 1170. We agree. Defendant is entitled to the benefit of Assembly Bill 124.

As defendant was sentenced to the middle term on count 1 and the offense was committed when she was 24 years old, we conclude that remand for resentencing is the appropriate remedy. Section 1170, subdivision (b) now requires imposition of the lower term for defendant's burglary if defendant was a "youth" (under 26 years old) "at the

5.

time of the commission of the offense," "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§§ 1016.7, subd. (b), 1170, subd. (b)(6).) Because defendant was 24 years old at the time of her offense in count 1, the trial court is now required to examine whether her age "was a contributing factor in the commission of the offense" that would require imposition of the lower term. (§ 1170, subd. (b)(6).) However, while amended section 1170, subdivision (b) requires the trial court to consider defendant's "youth" as a mitigating factor, it also requires the trial court to balance the aggravating and mitigating factors and permits the trial court to impose the middle or upper term if it determines that "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Accordingly, while defendant is entitled to have the trial court reconsider its sentencing in light of amended section 1170, subdivision (b), taking her "youth" into account as a mitigating circumstance, amended section 1170, subdivision (b) does not entitle defendant to an automatic reduction to her term. This matter is remanded for the trial court to resentence defendant consistent with the amendments made to section 1170, subdivision (b) under the authority granted by Assembly Bill 124. We express no opinion on how the trial court should rule.

### B. Criminal Protective Order

Defendant contends the criminal protective order issued by the trial court must be stricken because it was not authorized by statute. The People agree and assert that the trial court should issue an order explicitly vacating the criminal protective order, as the protective order may have already been communicated to law enforcement. We agree with the People.

When defendant was arraigned on the complaint, the trial court issued a criminal protective order which was served on defendant. At sentencing, the trial court issued a "modified" protective order naming several of the victims and witnesses involved in

6.

defendant's case as protected persons. The court did not specify the statutory basis of the order.

In general, courts do not have inherent authority to issue a criminal protective order absent a statute authorizing such an order. (*People v. Corrales* (2020) 46 Cal.App.5th 283, 286–287.) A criminal protective order "must comply with the requirements of section 136.2, unless a more specific statute applies." (*Id.* at p. 285.) Section 136.2, subdivision (a), allows a court with jurisdiction over a criminal matter to issue a protective order "[u]pon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur." (§ 136.2, subd. (a)(1).) Because the purpose of section 136.2 protective orders is to " 'allow participation [in a criminal proceeding] without fear of reprisal,' the duration of such an order 'is limited by the purposes it seeks to accomplish in the criminal proceeding.' " (*People v. Selga* (2008) 162 Cal.App.4th 113, 118.) Section 136.2 "generally does not authorize a trial court to impose a postjudgment restraining order against a criminal defendant." (*Corrales*, *supra*, 46 Cal.App.5th at p. 286.)

As the parties agree, none of defendant's offenses qualify for a postconviction criminal protective order under section 136.2, subdivision (i)(1) or section 646.9, subdivision (k)(1) or any other statutory authority which would authorize the protective order the trial court issued. Accordingly, the criminal protective order must be stricken.

## DISPOSITION

Defendant's case is remanded for resentencing in light of Assembly Bill 124's amendments to section 1170, subdivision (b). We strike the criminal protective order, and the trial court is directed to issue an order vacating the criminal protective order and forward a copy to the relevant entities.

7.