Filed 1/26/23  P. v. McCart CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JARED McCART,<br><br>     Defendant and Appellant. | B320152<br><br>(Los Angeles County<br>Super. Ct. No. PA095386) |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge.  Affirmed and modified as to the judgment and reversed as to the order.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court convicted appellant Jared McCart of one count of robbery after he and another man stole a truck. The trial court sentenced appellant to two years in prison and issued a 10-year restraining order in favor of the victim of the crime. McCart appeals the order, arguing the trial court lacked authority to issue it. Respondent agrees. We conclude that the court erred in granting the restraining order.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

On October 3, 2020, Walter Spohn observed McCart and another man attempting to steal Spohn's truck. When Spohn confronted the two men, they "started hitting" him. Spohn was pushed to the ground and dislocated his knee. McCart smashed Spohn's cell phone and grabbed the keys to the truck. When McCart's cohort's car would not start, McCart used Spohn's truck to push the car up the street.

As a result of this incident, McCart agreed to plead no contest to one count of robbery (Pen. Code, § 211)[2] in exchange for a sentence of two years in prison. The trial court accepted his plea and sentenced him to the agreed-upon prison term. Relying on section 136.2, the court also issued a restraining order requiring McCart to stay away from and have no contact with Spohn for 10 years. McCart timely appealed.

---

[1] We conclude this appeal is suitable for resolution by memorandum opinion pursuant to standard 8.1 of the California Standards of Judicial Administration.

[2] All further statutory references are to the Penal Code.

## DISCUSSION

"[D]uring the pendency of a criminal proceeding when the court has a 'good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur,' the court is authorized to issue a restraining order. However, section 136.2 is limited 'to the pendency of [a] criminal action' because section 136.2 'is aimed at protecting only "victim[s] or witness[es]." ' " (*People v. Selga* (2008) 162 Cal.App.4th 113, 118, quoting *People v. Stone* (2004) 123 Cal.App.4th 153, 159.) Generally, a "trial court has jurisdiction to issue [a section 136.2 protective order] only during ' "the pendency of [a] criminal action" ' before [the court]." (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382 (*Ponce*); see *Selga, supra*, at p. 119 [section 136.2 orders generally are "operative only during the pendency of the criminal proceedings and as prejudgment orders"]; *Stone, supra*, at p. 159 ["[a]lthough section 136.2 does not indicate on its face that the restraining orders it authorizes are limited to the pendency of the criminal action in which they are issued or to probation conditions, it is properly so construed"].) Although section 136.2 provides some exceptions to this general rule, none apply here. (Cf. § 136.2, subd. (i)(1) & (2) [permitting post-proceeding restraining orders in domestic violence cases]; *People v. Robertson* (2012) 208 Cal.App.4th 965, 996 (*Robertson*) [same].) Thus, section 136.2 does not grant authority to issue a restraining order after criminal proceedings against a defendant have concluded.

We are not aware of any other statute authorizing a restraining order that could apply under the circumstances of this case. (Cf., e.g., § 646.9, subd. (k) [restraining order valid for up to 10 years in stalking cases]; § 1203.097, subd. (a)

[authorizing three-year restraining order as part of probation granted in domestic violence cases]; § 1202.05 [at sentencing for certain sex-based offenses against a minor, court may prohibit visitation between minor victim and an imprisoned defendant].)

Finally, although in many contexts "a court has inherent authority over an area where the Legislature has not acted, this does not authorize [the court's] issuing orders against defendants by fiat or without any valid showing to justify the need for the order." (*Ponce, supra*, 173 Cal.App.4th at p. 384.) Even assuming the court had such inherent authority, the prosecutor here made no showing justifying the restraining order. Rather, the prosecutor requested the order based solely on Spohn's stated concerns about future violence. But " '[a] prosecutor's wish to have such an order, without more, is not an adequate showing sufficient to justify the trial court's action.' " (*Robertson*, *supra*, 208 Cal.App.4th at p. 996.)

For these reasons, the restraining order must be reversed.

## DISPOSITION

The restraining order is reversed.  The judgment is modified to remove any reference to a restraining order or protective order issued in this case.  The court is further directed to prepare an amended abstract of judgment removing the requirement that McCart "[o]bey the protective order issued in this . . . case," and forward certified copies of the amended abstract of judgment to the appropriate authorities.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

5