Filed 8/31/23  P. v. Hagen CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>THOMAS HAROLD HAGEN,<br><br>        Defendant and Appellant. | B323695<br><br>(Los Angeles County<br>Super. Ct. No. VA158173) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed in part and reversed in part.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Thomas Harold Hagen appeals from a judgment entered after a court trial at which the trial court found him guilty of second degree robbery. (Pen. Code, § 211.)[1] The prosecution's evidence presented at trial indicated, in pertinent part, that Hagen and the robbery victim were both homeless and acquainted with one another. In April 2022, Hagen approached the van where the victim lived, asked to see the phone she was holding, and said it was his. When she declined, he prevented her from closing the van door, hit her in the face and head, and took items from her hands, including the phone, her money, and her keys. On August 31, 2022, the trial court suspended imposition of sentence and placed Hagen on formal probation for three years with terms and conditions, including that Hagen "not harass, bother, molest, annoy, or communicate" with the robbery victim and "stay away from" her. In addition to the stay-away order that was a condition of Hagen's three-year probation, the court also issued a separate 10-year criminal protective order requiring Hagen to stay away from the victim. Hagen contends, the Attorney General concedes, and we agree that the 10-year criminal protective order was unauthorized in this case and must be stricken for the reasons explained below.

## DISCUSSION

As the parties agree, there is no statute authorizing a 10-year postconviction protective order based on the robbery conviction in this case.

Section 136.2, governing criminal protective orders, "authorizes protective orders which 'are "operative only during the pendency of criminal proceedings and as prejudgment

---

[1] Undesignated statutory references are to the Penal Code.

orders." ' [Citations.] The only purpose of a section 136.2 protective order is to ' "protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued in order to allow participation without fear of reprisal." ' [Citation.] Accordingly, section 136.2 generally does not authorize a trial court to impose a postjudgment restraining order against a criminal defendant." (*People v. Corrales* (2020) 46 Cal.App.5th 283, 285-286.)

There are exceptions to this general rule, but they are not applicable here. Section 136.2, subdivision (i)(1) authorizes a criminal court to issue a postconviction restraining order against a defendant, valid for up to 10 years, when the defendant has been convicted of certain enumerated offenses including, but not limited to, domestic violence, human trafficking, and rape. (See also § 273.5, subd. (j) [authorizing restraining orders, valid for up to 10 years, for crimes involving domestic violence].) It is undisputed that the circumstances here did not involve domestic violence or any of the other offenses enumerated in section 136.2, subdivision (i)(1) or other statutes authorizing postconviction restraining orders for specific offenses. Thus, the 10-year postconviction restraining order based on Hagen's robbery conviction is unauthorized and must be stricken. (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 901 ["Defendant's convictions for robbery and assault are not domestic violence offenses"; accordingly, the "court did not have statutory authority to impose the [10-year] postconviction protective order, and it must be stricken"].)

Hagen does not challenge the trial court's authority to impose a stay-away order as a condition of his probation that lasts the duration of his probation. (See *People v. Selga* (2008)

3

162 Cal.App.4th 113, 120 [trial court "has broad discretion to impose reasonable probation conditions" in "light of the circumstances of the offense" under section 1203.1, including a stay-away order].)

## DISPOSITION

The 10-year criminal protective order issued in this case on August 31, 2022 is stricken.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

4