Filed 6/25/24  P. v. Valadez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CESAR RODRIGUEZ VALADEZ,<br><br>    Defendant and Appellant. | F086655<br><br>(Super. Ct. No. BF180369A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Peña, J.

Cesar Rodriguez Valadez (defendant) was sentenced on June 22, 2023, and now appeals the criminal protective order issued at sentencing by the trial court under Penal Code section 136.2.[1] Defendant argues that the court lacked authority to leave in place (or reimpose) a protective order previously issued pursuant to section 136.2, subdivision (a), which does not authorize posttrial protective orders. The People concede that the protective order pursuant to section 136.2 must be stricken, but argue the court had authority to impose the restriction of a stay away order as a condition of probation. We reject the People's concession and affirm the protective order.

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an information on November 8, 2022, charging defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1) and vandalism (§ 594, subd. (b)(1); count 2). The trial court had issued a three-year protective order pursuant to section 136.2 on October 24, 2022.

The trial court granted the prosecutor's oral motion to reduce both charges to misdemeanors on December 20, 2022, and defendant pleaded not guilty. After the jury convicted defendant of both counts on June 22, 2023, the court suspended imposition of sentence, placed defendant on a one-year term of probation, and ordered him to pay restitution and other fines. In addition, the court ordered defendant to stay 500 yards away from his victims as a condition of probation and left the protective order imposed on October 24, 2022, in place.

Defendant filed a timely notice of appeal on July 31, 2023.

---

[1]     Undesignated statutory references are to the Penal Code.

## DISCUSSION

***I.*** ***The Trial Court Has Jurisdiction to Leave the Pretrial Protective Order in Place During Defendant's Probationary Period Because Imposition of Sentence Had Been Stayed and the Court Still Had Jurisdiction Over the Proceedings***

Section 136.2, subdivision (a)(1) provides that "[u]pon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, *a court with jurisdiction over a criminal matter* may issue orders, including, but not limited to, the following: [¶] … [¶] (B) [a]n order that a defendant shall not violate any provision of [s]ection 136.1." (§ 136.2, subd. (a)(1), italics added.)

Courts have interpreted section 136.2 as limited to the pendency of a criminal action because it is aimed only at protecting victims and witnesses. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 901 [invalid protective order under § 136.2 after defendant sentenced to prison]; *People v. Robertson* (2012) 208 Cal.App.4th 965, 971, 996 [cannot issue protective order under § 136.2 after defendant sentenced to prison unless convicted of domestic violence (§ 136.2, subd. (i))]; *People v. Ponce* (2009) 173 Cal.App.4th 378, 380 [protective order issued after defendant sentenced to prison invalid as court has jurisdiction to issue protective order pursuant to section 136.2 only during pendency of criminal action]; *People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1425, 1478 [court erred in issuing protective order under section 136.2 when sentencing defendant to life in prison]; *People v. Selga* (2008) 162 Cal.App.4th 113, 118–119 (*Selga*) [invalidating protective order issued pursuant to section 136.2 after suspending sentence and granting defendant probation]; *People v. Stone* (2004) 123 Cal.App.4th 153, 159 ["Although section 136.2 does not indicate on its face that the restraining orders it authorizes are limited to the pendency of the criminal action in which they are issued or to probation conditions, it is properly so construed."].)

However, we conclude that a trial court that has suspended imposition of defendant's sentence and granted defendant probation still has jurisdiction over the

criminal matter and, therefore, has jurisdiction to issue a protective order pursuant to section 136.2. When a court suspends imposition of judgment, no judgment is then pending against the probationer, who is then subject to the terms and conditions of the probation. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) "The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' " (*Ibid*.)

Our Supreme Court's decision in *People v. Chavez* (2018) 4 Cal.5th 771 illustrates this principle. In *Chavez,* the court addressed whether a trial court could dismiss a criminal matter pursuant to section 1385 after a probationer's term of probation had expired. (*Id*. at p. 777.) *Chavez* recognized that a court may only exercise its discretion pursuant to section 1385 until judgment is pronounced or the power to pronounce judgment runs out. (*Ibid*.)

To determine when judgment is pronounced in a case where probation has been granted, *Chavez* reviewed "the probation statutes and our cases interpreting them." (*People v. Chavez*, *supra*, 4 Cal.5th at p. 781.) Section 1203, subdivision (a) defines probation as the suspension of the imposition or execution of a sentence and the order of conditional and revocable release into the community. (*Chavez*, at p. 781.) Neither form of probation results in a final judgment. (*Ibid*.) "[W]here the court suspends imposition of sentence, it pronounces no judgment at all." (*Ibid*.) Where a court imposes sentence but suspends execution, the sentence is considered " 'a judgment provisional or conditional in nature.' " (*Ibid*.) Since the finality of the sentence depends upon the outcome of the probationary proceeding, a suspended sentence and grant of proceeding is not a final judgment either. (*Ibid*.) In both cases, the trial court's power to punish the defendant continues during the period of probation. (*Id*. at pp. 781–782.)

Therefore, we conclude that the trial court, having suspended imposition of judgment and granted defendant probation, remains "a court with jurisdiction over a criminal matter" who "may issue orders" pursuant to section 136.2 until such time as

4.

judgment is pronounced or the power to pronounce judgment runs out due to the expiration of the probationary period.[2] (§ 136.2, subd. (a)(1).)

## II.    *The Trial Court Has the Authority to Issue a "Stay Away" Order as a Condition of Probation*

Although the People also defend the trial court's "stay away" order as a condition of probation, defendant has only challenged the court's reimposition of the criminal protective order at sentencing and not the probation condition. However, we recognize that courts may properly impose stay away orders as conditions of probation. (See §§ 1203, 1203a, subd. (a), 1203.1, subd. (j); *People v. Moran* (2016) 1 Cal.5th 398, 404 ["Sentencing courts often condition a grant of probation on the offender's agreement to avoid future contact with his or her victim."]; *Selga*, *supra*, 162 Cal.App.4th at p. 120.)

### DISPOSITION

The judgment is affirmed.

---

[2]    Although *Selga*, *supra*, 162 Cal.App.4th 113 found that a court did not have the power to issue a protective order after granting a defendant probation, it did so without any analysis as to the difference between a sentence of prison (which is a final judgment) and an order of probation. (*Selga*, at pp. 118–119.) Therefore, we do not find its decision to be persuasive.