Filed 5/10/22

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK FORESTER,<br><br>    Defendant and Appellant. | D078912<br><br><br>(Super. Ct. No. SCN418188) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Defendant Mark Forester pleaded guilty to one count of felony stalking and was found guilty of five counts of disobeying a domestic violence restraining order.  The trial court suspended imposition of sentence and placed Forester on felony probation for a period of three years.[1]

Forester appeals the judgment and contends Penal Code section 1203.1, subdivision (a) precluded the court from imposing a probation term in excess of two years.[2]  Section 1203.1, subdivision (a) places a two-year limitation on probation terms for most felony offenses.

The People argue an exception to the two-year felony probation limitation applies because Forester was convicted of "an offense that includes specific probation lengths within its provisions."  (§ 1203.1, subd. (*l*)(1).)  They assert Forester was convicted of an offense with a specific probation length because he stalked a victim of domestic violence within the meaning of section 1203.097.  Section 1203.097, subdivision (a)(1) mandates "[a] minimum period of probation of 36 months" when a person is placed on probation for perpetrating a crime against a victim of domestic violence.

We agree with the People.  Because Forester was found guilty of stalking a victim of domestic violence, the two-year felony probation limitation in section 1203.1, subdivision (a) does not apply.

The judgment is affirmed.

---

[1]     The documents in the appellate record are inconsistent in the way they spell the defendant's surname.  Sometimes they spell it "Forester," and other times they spell it "Forrester."  For purposes of this appeal, we will refer to the defendant as "Forester," which is the spelling used in the notice of appeal.

[2]     Subsequent undesignated statutory references are to the Penal Code.

## II

## BACKGROUND

H.F. is Forester's ex-wife and the mother of his child. In January 2020, H.F. obtained a domestic violence restraining order against Forester after he exhibited bouts of anger and threatened physical violence against her. Thereafter, Forester sent dozens of disturbing and threatening communications to H.F. and her friend.

Forester was charged by information with one count of stalking with a court order in effect (§ 646.9, subd. (b); count 1) and five misdemeanor counts of disobeying a court order (§ 273.6, subd. (a); counts 2–6). A jury found Forester guilty of the charges of disobeying a court order. However, it was unable to reach a verdict on the stalking charge and a mistrial was declared as to that charge.

After trial, Forester pleaded guilty to felony stalking in violation of section 646.9, subdivision (a), a lesser included offense of stalking with a court order in effect, and the court dismissed the greater offense charged in the information. As part of the plea agreement, Forester admitted he "willfully [and] malicously [sic] harassed [H.F.] [and] made a credible threat to her with the intent to place her in reasonable fear for her safety."

The court suspended imposition of sentence and placed Forester on probation for three years. When selecting three years as the probation term, the court opined the two-year felony probation limitation in section 1203.1, subdivision (a) was inapplicable because it "does not apply to domestic violence related charges." Forester was released from custody for time served.

Forester appeals the judgment and challenges his three-year probation term.

III

DISCUSSION

A

*Assembly Bill No. 1950*

Effective January 1, 2021, Assembly Bill No. 1950 (2019–2020 Reg. Sess.) amended section 1203.1 to limit the maximum probation term that may be imposed for most felony offenses. Prior to the effective date of the legislation, a court could impose felony probation for a period "not exceeding the maximum possible term of the sentence," except "where the maximum possible term of the sentence [was] five years or less," in which case probation could "continue for not over five years." (Former § 1203.1, subd. (a).) As amended, section 1203.1 now states that felony probation "may continue for a period of time not exceeding two years."[3] (§ 1203.1, subd. (a).)

There are exceptions to this general rule. The exception of relevance to this appeal provides that the two-year felony probation limitation set forth in section 1203.1, subdivision (a) "shall not apply to: [¶] … an offense that includes specific probation lengths within its provisions." (§ 1203.1, subd. (*l*)(1); see also *ibid.* [the felony probation limitation does not apply to violent felonies listed in section 667.5, subdivision (c)]; *id.*, subd. (*l*)(2) [the felony probation limitation does not apply to certain crimes involving grand theft, embezzlement, or making false financial statements].)

B

*The Parties' Arguments*

Forester was convicted of felony stalking. He claims the general two-year felony probation limitation applies, and the above-referenced exception

---

3    Assembly Bill No. 1950 also amended section 1203a to limit probation terms to one year for most misdemeanor offenses. (Stats. 2020, ch. 328, § 1.)

is inapposite, because the felony stalking statute (§ 646.9, subd. (a)) does not include a specific probation length within its provisions.[4]

The People respond that Forester was not merely convicted of felony stalking. Rather, he was convicted of stalking a victim of domestic violence within the meaning of section 1203.097. The People assert the above-referenced exception to the two-year felony probation limitation applies because section 1203.097 (titled "Terms of probation for crimes of domestic violence") requires a specific minimum term of probation for any probationer who committed a crime against a victim of domestic violence.

Section 1203.097 provides in relevant part as follows: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] (1) A minimum period of probation of 36 months, which may include a period of summary probation as appropriate." (§ 1203.097,

---

[4]    Section 646.9, subdivision (a) states in full: "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison."

subd. (a)(1).)[5] Section 1203.097 does not only apply when a probationer commits the substantive offense of domestic violence. Instead, it "applies to any person placed on probation for a crime if the underlying facts of the case involve domestic violence, even if the statute defining the crime does not specifically refer to domestic violence." (*People v. Cates* (2009) 170 Cal.App.4th 545, 548; see *People v. Selga* (2008) 162 Cal.App.4th 113, 119 [stalking victim "qualified for protection under section 1203.097, as both a former girlfriend of defendant's and the mother of his child"].)

## C

### *The Two-Year Felony Probation Limitation Does Not Apply When a Defendant Is Convicted of Stalking a Domestic Violence Victim*

### 1

To determine whether the two-year felony probation limitation applies to a defendant like Forester, who has been convicted of stalking a victim of domestic violence, we must employ the principles of statutory interpretation.

---

[5] Family Code section 6211 states, in turn, as follows: " 'Domestic violence' is abuse perpetrated against any of the following persons: [¶] (a) A spouse or former spouse. [¶] (b) A cohabitant or former cohabitant, as defined in [Family Code] [s]ection 6209. [¶] (c) A person with whom the respondent is having or has had a dating or engagement relationship. [¶] (d) A person with whom the respondent has had a child …. [¶] (e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act …. [¶] (f) Any other person related by consanguinity or affinity within the second degree."

"Abuse is not limited to the actual infliction of physical injury or assault." (Fam. Code, § 6203, subd. (b).) It includes "any of the following: [¶] (1) To intentionally or recklessly cause or attempt to cause bodily injury. [¶] (2) Sexual assault. [¶] (3) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another. [¶] (4) To engage in any behavior that has been or could be enjoined pursuant to [Family Code] Section 6320." (*Id.*, subd. (a).)

" ' " ' "When we interpret a statute, '[o]ur fundamental task ... is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " ' " ' " (*Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651, 662.) " 'In the end, we " 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' " (*In re M.B.* (2009) 174 Cal.App.4th 1472, 1477.)

Consistent with these principles of statutory interpretation, we begin our analysis with the relevant statutory language—section 1203.1, subdivisions (a) and (*l*)(1). These provisions state that felony probation "may continue for a period of time not exceeding two years," (§ 1203.1, subd. (a))– *unless* the defendant is convicted of "an offense that includes specific probation lengths within its provisions" (§ 1203.1, subd. (*l*)(1)).

The defendant suggests the word "offense," as used in section 1203.1, subdivision (*l*)(1), refers strictly to the statute or statutes defining the substantive elements of a crime. By contrast, the People urge us to interpret "offense" more expansively. They argue "offense" encompasses not only the statute or statutes defining the elements of a crime, but also other statutes—

7

such as penalty provisions—that apply in a given case. We conclude the People's interpretation of section 1203.1, subdivision (*l*)(1) is the more reasonable interpretation of the statutory language at issue and, more importantly, the one our Legislature intended.

The elements of a crime and the penalties attendant to the commission of a crime are, of course, distinct concepts from one another. But both are necessary components of an offense. Section 15 makes this clear, as it defines a "public offense" as "an act committed or omitted in violation of a law forbidding or commanding it, *and to which is annexed, upon conviction, … punishment*[]…." (Italics added.) Our case law reinforces the longstanding notion that it is the combination of a prohibited act and a punishment, in tandem, that compose an offense. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 281 ["for a crime to exist, there must exist both a prohibited act and punishment"]; *People v. Vasilyan* (2009) 174 Cal.App.4th 443, 449–450 ["That there must be a substantive crime and a punishment for that crime in order to constitute a criminal offense has been long recognized."].) We think it reasonable to conclude the Legislature had in mind the historic link between prohibited act and punishment when it enacted Assembly Bill No. 1950, and that it thus intended the two-year felony probation carve-out to apply any time a specific probation length is contained within an applicable statute—irrespective of whether that statute delineates the substantive elements of a crime or prescribes the consequences of said crime.

Our conclusion is reinforced by the practical reality that the Legislature routinely prescribes specific probation lengths within statutory provisions that are characterized as penalty provisions or, at the very least, as statutes that do not define the substantive elements of a crime. The

8

present case involves one such example—section 1203.097. That statute does not delineate the substantive elements of any crime. However, it unambiguously prescribes a specific probation length within its provisions— it states, "[i]f a person is granted probation for a crime in which the victim is a [victim of domestic violence], the terms of probation shall include … [a] minimum period of probation of 36 months…." (§ 1203.097, subd. (a)(1).)

Section 1203.047 presents another example. That statute provides that, "except in unusual cases where the ends of justice would be better served by a shorter period, the period of probation shall not be less than three years" when a person is convicted and placed on probation for certain crimes relating to the obtaining of telephone or telegraph services by fraud, or the accessing or disrupting of computer data and computer systems. Once again, the Legislature separated the elements of the crimes at issue (codified in sections 502 and 502.7) from the specific probation length the Legislature desired for those particular crimes (which it codified in section 1203.047).

Similarly, the Legislature separated the elements for certain felony offenses relating to driving under the influence, on the one hand, and the specific probation terms for those crimes, on the other hand. For those offenses, Vehicle Code sections 23152 and 23153 define the prohibited acts that compose the substantive offenses, while a different section of the Vehicle Code—section 23600—mandates a specific probation term when a defendant is put on probation for driving under the influence. Section 23600 mandates that a person who is convicted of violating sections 23152 or 23153, and placed on probation, must be put on probation for "not less than three nor more than five years" and, where the maximum sentence for the offense may exceed five years, the terms of probation may be enforced "for a longer period

9

than three years but may not exceed the maximum time for which sentence of imprisonment may be pronounced." (Veh. Code, § 23600, subd. (b)(1).)

As these illustrative examples demonstrate, the Legislature regularly prescribes specific probation lengths in statutes that do not define the substantive elements of a crime. If we were to adopt the defendant's cramped interpretation of section 1203.1, subdivision (a), we necessarily would have to conclude that the Legislature—which approved an express carveout to the two-year felony probation limitation for any "offense that includes specific probation lengths within its provisions" (§ 1203.1, subd. (*l*)(1))—intended to impliedly repeal or gut the scope of section 1203.097, and potentially all the other statutes resembling section 1203.097 that we have just discussed.

"Our Supreme Court has instructed that where statutes possibly conflict, 'two principles of statutory construction are especially relevant. First, " '[a] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions.' " ' [Citation.] ' "Thus, when ' "two codes are to be construed, they 'must be regarded as blending into each other and forming a single statute.' [Citation.] Accordingly, they 'must be read together and so construed as to give effect, when possible, to all the provisions thereof.' " ' " ' [Citations.] [¶] 'Second, all " ' " 'presumptions are against a repeal by implication' " ' " [citation], including partial repeals that occur when one statute implicitly limits another statute's scope of operation [citation]. Thus, " ' "we will find an implied repeal 'only when there is no rational basis for harmonizing ... two potentially conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " ' " ' " (*Tan v. Appellate Division of Superior Court* (2022) 76 Cal.App.5th 130, 137–138.)

Applying these principles of statutory interpretation here, we conclude the People's interpretation of section 1203.1, subdivision (*l*)(1), is the proper one. It does not impliedly repeal, or limit, section 1203.097. Rather, it harmonizes section 1203.1, subdivision (*l*)(1) with section 1203.097, which expressly requires that a probation term must "include … [a] minimum period of probation of 36 months" whenever the probationer has committed a crime against a victim of domestic violence. (§ 1203.097, subd. (a)(1).)

The legislative history of Assembly Bill No. 1950 supports our interpretation of section 1203.1, subdivision (*l*)(1). When the bill was originally introduced, it imposed a two-year limitation on felony probation terms similar to the one that went on to become law. However, unlike the version of Assembly Bill No. 1950 that was enacted into law, the original version of the bill (and early amended versions of the bill) did not include an exception for offenses with specific probation lengths within their provisions.

A report from the Assembly Committee on Public Safety, commenting on an early version of the bill, noted the bill would "limit felony probation to two years … regardless of the maximum term of imprisonment." (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 6, 2020, p. 4.) However, it pointed out that the bill would "not amend code sections such as Veh. Code [section] 23600 (allowing probation up to five years for a DUI) or Pen. Code [section] 1203.097 (requiring a minimum probation of three years for domestic violence offenses), which specify probation lengths for specific crimes." (*Ibid*.) The report cautioned it was "not clear if [the] bill would limit the application of those sections." (*Ibid*.) Soon after the committee report highlighted these features of the bill, the language that now constitutes section 1203.1,

11

subdivision (*l*)(1), i.e., the exception to the two-year felony probation limitation, was added into the bill and enacted into law.

From this legislative history, we can reasonably discern that the Legislature most likely incorporated the relevant exception into Assembly Bill No. 1950 to ensure that the bill did not limit the application of section 1203.097 (and other code provisions like it). The defendant's narrow interpretation of section 1203.1, subdivision (*l*)(1) would, of course, limit the application of section 1203.097. The interpretation proffered by the People, which we approve, does not limit the application of section 1203.097.

Finally, we note that our interpretation of section 1203.1, subdivision (*l*)(1) is consistent with the views expressed by Judge J. Richard Couzens, Presiding Justice Tricia A. Bigelow, and Judge Gregg L. Prickett in the "leading treatise on California sentencing law." (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 109; see also *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, 1144 [describing the treatise as a "well-respected treatise"].)

In their sentencing treatise, the jurists opined as follows:

> "Because of section 1203.097, a conviction of a crime where the victim is listed in Family Code section 6211 is an offense 'that includes [a] specific probation length[] within its provisions" for the purposes of the exception under section 1203.1, subdivision [(*l*)(1)]. The underlying crime, however, may not normally carry a minimum probationary term. For example, probation for a violation of section 245, subdivision (a)(4) [assault by means of force likely to produce great bodily injury], does not normally have a minimum term of probation—which means felony probation is limited to two years. But if the victim is a person included in Family Code section 6211, section 1203.1, subdivision [(*l*)(1)], provides an exception to the new limits established by [Assembly Bill No.] 1950."

(Couzens et al., Sentencing California Crimes (The Rutter Group 2021) § 8:15.30, pp. 8-20 to 8-21, fn. omitted.) They added: "The fact that the

12

specification of the length of probation is expressed in a different code section than the crime itself does not appear material. The Penal Code frequently separates the punishment provisions from the crime. (See, e.g., burglary— the crime is identified in sections 459 and 460, but the punishment is contained in section 461. But there is no doubt the sections operate in tandem to define the crime and its consequences.)" (*Id.*, fn. 2.) We are persuaded by these well-reasoned observations and we adopt them as our own.

Based on all of the foregoing, we conclude that a defendant who is placed on probation for committing a crime against a victim of domestic violence, as defined by section 1203.097, has committed "an offense that includes specific probation lengths within its provisions." (§ 1203.1, subd. (*l*)(1).) In such circumstances, and in the absence of a contrary legislative indication, the two-year felony probation limitation codified in section 1203.1, subdivision (a) does not apply.

2

Applying these legal principles is simple on the facts presented. Forester does not dispute that he was convicted of stalking a victim of domestic violence (H.F.) within the meaning of section 1203.097. Because he stalked a victim of domestic violence, he was placed on probation for an offense that includes a specific probation length within its provisions. Under these circumstances, the two-year felony probation limitation codified in section 1203.1, subdivision (a), is inapplicable.[6] (See § 1203.1, subd. (*l*)(1).)

---

[6]    No party disputes that H.F. was a victim of domestic violence. Thus, we have no occasion to determine the showing that must be made to establish that a person is a victim of domestic violence under section 1203.097.

## IV

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

AARON, J.

IRION, J.