Filed 10/21/22 P. v. Imel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095531 |
| Plaintiff and Respondent, | (Super. Ct. No. 21F7284) |
| v. | |
| BRANDON MARK IMEL, | |
| Defendant and Appellant. | |

Defendant Brandon Mark Imel pleaded no contest to inflicting corporal injury on his girlfriend. The trial court placed defendant on three years of formal probation and ordered him, as a condition of probation, to have no contact with the victim except for visitation as set forth in family court orders. It also allowed the probation officer to prohibit contact.

On appeal, defendant contends the trial court's orally pronounced protective order was inconsistent with a prejudgment protective order issued by the court, creating an

1

unreasonable risk of his erroneous arrest. He further argues the trial court improperly allowed the probation officer to override family court orders. Both parties agree the prejudgment protective order should be modified. We will direct the trial court to modify the protective order to permit contact pursuant to family court orders allowing supervised visits, and to reflect the correct statutory authorization. We also direct the trial court to modify the minute order. We affirm the judgment in all other respects.

## FACTS AND HISTORY OF THE PROCEEDINGS

The People filed a complaint on November 18, 2021, charging defendant with inflicting corporal injury on his girlfriend (Pen. Code, § 273.5, subd. (a); statutory section citations that follow are to the Penal Code) and criminal threats (§ 422). In the infliction of corporal injury count, the People further alleged defendant had a prior conviction (§ 273.5, subd. (f)).

On the same day, the trial court issued a prejudgment protective order pursuant to section 136.2. In the protective order, the trial court checked the "no-contact" and "stay-away" provisions in items 12, 13, and 14, prohibiting defendant from making any contact with the victim or coming within 100 yards of her. Item 16, which allows peaceful contact pursuant to family court orders as an exception to the "no-contact" and "stay-away" requirements, was left unchecked. The order stated it takes precedence over any conflicting family court orders, and "[u]nless box a or b in item 16 . . . is checked, contact between [defendant] and [the victim] permitted by a Family . . . court order for child custody or visitation must not conflict with the provisions of this order." The order was set to expire three years from its issuance.

On December 1, 2021, defendant pleaded no contest to infliction of corporal injury and admitted the prior conviction allegation in exchange for the dismissal of the criminal threats count. The trial court placed defendant on three years of formal probation and imposed fees and fines.

2

The court further ordered defendant, as a condition of probation, to "have no contact with [the victim] except as directed by [his] probation officer, and that would be with the probation officer ensuring strict adherence to the family law orders or a stricter adherence as directed by the probation officer." In other words, the trial court explained, if the probation officer does not "see[] things the way that the family judge does" when executing an order from the family court, "he's going to have the control to make the orders a little bit more difficult for [defendant] simply because of the dangerousness of the situation which is reflected in the [probation] report." The trial court went on to quote the probation report: "It is abundantly clear the defendant and the victim should have zero contact with one another for the safety of their wellbeing, their children, and ultimately the entire community."

Defendant's counsel objected to this order on the ground that it gave the probation officer the "authority to override a family law judge's orders with respect to the no harassment." The trial court disagreed, stating its order did not allow the probation officer to change visitation. But if a family court order allowed contact during visitation, the probation officer may "oversee [] defendant personally and order that he have no contact with the victim." Thus, the probation officer "will have the right to make orders as it relates to [defendant] that will potentially be different than what a family law judge would allow."

The minute order stated only that defendant cannot contact the victim "without the prior written approval of the Probation Officer – except as directed by his probation officer." It made no mention of contact between defendant and the victim pursuant to family court orders.

Defendant timely appealed.

3

DISCUSSION

On appeal, defendant contends the protective order must be stricken or modified because: (1) it improperly delegated to the probation officer the authority to make orders that conflict with the orders from the family court; (2) the prejudgment protective order conflicts with the trial court's oral pronouncement by prohibiting contact without exceptions; and (3) the discrepancy between the prejudgment protective order and the court's oral pronouncement creates an unreasonable risk that he may be erroneously arrested. He requests that we direct the trial court to modify its order by (1) adding an exception to item 14 that allows defendant to come within 100 yards of the victim when "ordered by the probation officer, approved by the trial court, and entered into the CLETS," and (2) checking item 16 of the protective order.

The People agree the order should be modified as proposed by defendant. We conclude the court's delegation of authority to the probation officer was improper and note several discrepancies between the trial court's oral pronouncement and its written orders. We will direct the trial court to modify the protective order and minute order.

The trial court's oral pronouncement is the rendition of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order . . ., the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

"It is well settled that courts may not delegate the exercise of their discretion to probation officers." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1372.) Although probation officers have wide discretion to enforce probation conditions, "they may not create conditions not expressly authorized by the court." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358.)

Here, the trial court orally pronounced the protective order, as a condition of probation, permitting contact between defendant and the victim pursuant to family court

4

orders. Its written orders, however, conflict with the oral pronouncement in several ways. First, the prejudgment protective order stated it was issued under section 136.2, which authorizes protective orders that are "operative only during the pendency of the criminal proceedings and as prejudgment orders." (*People v. Selga* (2008) 162 Cal.App.4th 113, 118-119; accord, *People v. Corrales* (2020) 46 Cal.App.5th 283, 287 ["section 136.2 is not the proper vehicle for obtaining a postjudgment restraining order"].) The orally pronounced order, on the other hand, was issued under section 1203.097 as a condition of probation. (§ 1203.097, subd. (a)(2) [requiring a criminal protective order where a defendant is convicted of a crime of domestic violence and placed on probation].) Second, the prejudgment protective order prohibited contact between defendant and the victim without exceptions. Third, the minute order did not reflect that contact was allowed pursuant to family court orders.

The trial court also erred in allowing the probation officer to "make orders" to defendant "that will potentially be different than what a family law judge would allow" "because of the dangerousness of the situation." We recognize the trial court's concerns, but this order improperly authorized the probation officer to disregard family court orders. The parties propose that we modify the protective order by checking item 16, which allows contact pursuant to family court orders, and by adding an exception to item 14 permitting defendant to come within 100 yards of the victim as "ordered by the probation officer, approved by the trial court, and entered into the CLETS." This change, however, still allows the probation officer to prohibit contact when family court orders state otherwise.

Thus, to ensure proper delegation of authority and the safety of all involved, the protective order should be modified by checking item 16 and noting the exception applies only to supervised exchange of children and court-ordered supervised visitation as stated in orders from the family court. Because item 16 serves as an exception to the stay-away requirement in item 14, we need not provide a separate exception to item 14. We also

5

order the trial court to modify the protective order to reference the proper statutory authorization, section 1203.97 and to correct the minute order.

## DISPOSITION

The judgment is affirmed. The trial court is directed to modify the protective order by checking item 16 and adding that the exception is for "[supervised] safe exchange of children and court-ordered [supervised] visitation" only. If there exists a family court order that the trial court decides defendant should follow, the court should check item 16.a. and specify the case number and the date of the order. Otherwise, it should check item 16.b. The court should further correct the order to reflect the proper statutory authorization, section 1203.097. Finally, the trial court is directed to prepare a minute order reflecting the changes.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

KRAUSE, J.

6